PEOPLE, *for Use of* ROBERTS, *v.* LAPPIN.

PRINCIPAL AND AGENT—PARTNERSHIP—AUTHORITY OF HUSBAND
   —EVIDENCE.

   Plaintiffs—a partnership composed of R. and T., a married
      woman—and defendant were each engaged in the paving
      business. Defendant, R., and T.'s husband, who was for-
      merly engaged in the same business, and who had represented
      himself to defendant as a member of plaintiff firm, leased a
      stone quarry for the purpose of securing paving stone, and,
      by an arrangement between them, R. and the husband were
      to have the first stone from the quarry in consideration of
      their furnishing certain paving blocks to defendant. The
      arrangement was carried out, the blocks furnished being the
      property of plaintiffs, and the stone taken being used in their
      business. T. had given her husband a power of attorney to
      sign her name to all papers necessary for the conduct of
      plaintiffs' business, and he testified that he acted for her in
      all matters connected therewith. *Held*, that the authority
      of T.'s husband was such that she was bound by the agree-
      ment between him, R., and defendant, and hence plaintiffs
      could not recover for the blocks so furnished.

Error to Wayne; Hosmer, J. Submitted December 13,
1901. Decided December 21, 1901.

*Assumpsit* by the People of the State of Michigan, for
the use and benefit of Ephraim K. Roberts and Blanche
D. Talbot, copartners as E. K. Roberts & Co., against
William Lappin and the Fidelity & Deposit Company of
Maryland, upon a contractor's bond. From a judgment
for defendants, plaintiffs bring error. Affirmed.

Defendant Lappin had a paving contract with the city
of Detroit. The contract was entered into July 3, 1900.
Mrs. Talbot became a partner with Roberts in June pre-
vious. Under the law Lappin gave a bond, signed by the
defendant corporation, for the faithful performance of said
contract, and the payment of indebtedness due for labor

and materials. Plaintiffs furnished defendant cedar blocks, and instituted this suit upon the bond to recover the purchase price thereof. The purchase of the blocks, the price, and the amount due are not in dispute. The defense is payment by an arrangement hereinafter set forth.

Mr. Harry Talbot, husband of the plaintiff Blanche, had for several years been engaged in the paving business in Detroit, both as principal and manager for others, including the Talbot Paving Company. Roberts had been in the employ of the Talbot Paving Company. Roberts & Co. were also paving contractors, and purchased cedar blocks, as well as crushed stone, for use in paving. Both Roberts & Co. and Lappin used crushed stone. There was some difficulty in obtaining this material, and, in order to obtain it, Roberts, Talbot, and Lappin entered into a copartnership, and leased of one Patrick a stone quarry, in order to obtain the material for their work. There were no written articles of partnership either between Mr. Roberts and Mrs. Talbot, or between Roberts, Talbot, and Lappin for the stone quarry. Their entire agreements rested in parol. No special terms were fixed, and little else was said about the partnerships than simply that they were copartners. Neither firm seems to have kept any books of account. The crushed stone was brought to Detroit in boats. The first load that came was desired by both Roberts and Talbot and by Lappin. Mr. Lappin testified that he finally made arrangements with Roberts and Talbot that they should take the first load of stone, and give him in payment therefor cedar blocks. He testified that this was carried out; that they furnished the blocks and took the stone pursuant to this agreement. This is the defense claimed. Mr. Lappin, it seems, paid most of the rent and expenses in running the stone quarry. He testified that he never received any bill from plaintiffs for the blocks, and that Mr. Talbot told him that he was a partner with Roberts, and was "the company." Another witness also testified that Talbot so informed

him.   Mr. Talbot testified, "I represented Mrs. Talbot in all the partnership matters."   Besides this, he had a power of attorney from his wife, authorizing him, "in her name, place, and stead, to sign in her name all contracts, bonds, checks, drafts, notes, and all other papers necessary for the conduct of the business of the firm of E. K. Roberts & Co."   Neither Mr. Roberts nor Mr. Talbot, under their own testimony, disclosed to Lappin that Mrs. Talbot was Mr. Roberts' partner.   The agreement testified to by Mr. Lappin was denied by Mr. Roberts and Mr. Talbot.   It was further claimed, as the judge said to the jury, "that plaintiffs were to furnish defendant cedar blocks, and receive credit in the partnership account to the extent to which they furnished such blocks, and he should be debited practically with that amount as having been drawn from the partnership funds; that, in lieu of their putting in cash, they were to put in blocks, which he would credit as cash, and take the blocks himself."   The judge instructed the jury that individual debts could not be paid with copartnership property, unless the copartnership assented thereto; but left it to the jury to find whether Mrs. Talbot "permitted E. K. Roberts & Co. to so conduct the business as to hold out the property as the property of E. K. Roberts and Mr. Talbot."   The jury rendered a verdict for the defendants.

*Julian G. Dickinson*, for appellants.

*Anderson & Rackham*, for appellee Lappin.

*Brennan, Donnelly & Van de Mark*, for appellee Fidelity & Deposit Co.

GRANT, J. (*after stating the facts*).   Plaintiffs were not dealers in cedar blocks.   They only purchased and had them on hand for use in paving.   They also used crushed stone.   Defendant Lappin was engaged in the same business, and used the same kind of materials.   Mrs. Talbot was not actively engaged in the business.   Why the business, which had theretofore been carried on by Mr.

Talbot, was put in the name of his wife, does not appear. The fact does appear, and was so known to Lappin, that Talbot had been engaged for several years in the business. She trusted its entire management to her husband, so that his acts were her acts. The agency conferred upon him appears to have been unlimited, under his testimony. She was not a witness. Lappin evidently had control and possession of the stone, and was entitled to use it. To accommodate Roberts & Co. the arrangement was made for the exchange. Roberts & Co. obtained the benefit of it. Plaintiffs had urgent need of the stone to prevent their defaulting to the city in carrying out their contract. The arrangement bound Mr. Roberts, for he was a party to it. We think, under the testimony of the transaction, as detailed by the defendant Lappin, and under the authority conferred upon Talbot by Mrs. Talbot, that his act in any lawful transaction connected with the business bound her and that the judge would have been justified in instructing the jury that, if they found the agreement to be as claimed by the defendant, they should render a verdict for him. The arrangement was in the nature of a purchase of the stone from Lappin for the use and benefit of plaintiffs. Mrs. Talbot is in no worse position than she would have been if Roberts and her husband had purchased the stone elsewhere. As between Roberts and the defendant, their rights can be safely protected in a settlement of the partnership matters of Roberts, Talbot, and Lappin.

The judgment is affirmed.

The other Justices concurred.